# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VINCENT LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1265-M |
| | ) |
| GARFIELD COUNTY JAIL et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Vincent Lewis, a state prisoner appearing pro se, brings this federal civil rights action against Defendants Garfield County Jail, Garfield County Sheriff Jerry Niles, Rhonda Bradley, Nancy Stanley, and Vanisa Gay (collectively, "Defendants"). Chief United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

Defendants Garfield County Jail, Niles, Bradley, and Stanley (collectively, the "GCJ Defendants") filed a Motion to Dismiss/Motion for Summary Judgment ("GCJ Defs.' Dispositive Mot.") (Doc. No. 27). Defendant Gay, through separate counsel, filed a Motion for Summary Judgment ("Def. Gay Mot. Summ. J.") (Doc. No. 25). Defendants additionally filed a Special Report ("S.R.") (Doc. No. 15) in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff did not file a response to Defendants' Motions within the allotted time or thereafter. *See* LCvR 7.1(g), 56.1(c). Having considered the arguments, pleadings, and evidentiary materials presented by the parties, the undersigned recommends that Defendants' Motions be granted.

## STANDARD OF REVIEW

The GCJ Defendants titled their filing "Motion to Dismiss or in the Alternative for Summary Judgment," and extensively relied on materials outside of the Complaint and public record to support their arguments regarding the merits of Plaintiff's legal claims, as well as Defendants' affirmative defense of nonexhaustion of administrative remedies. *See* GCJ Defs.' Dispositive Mot. (citing Special Report and Exhibits to Special Report throughout); GCJ Defs.' Dispositive Mot. Exs. 2, 3 (Doc. Nos. 27-2, 27-3). Defendant Gay, in her Motion for Summary Judgment, likewise relied on materials beyond the Complaint and public record. *See* Def. Gay Mot. Summ. J. at 2-8; Def. Gay Mot. Summ. J. Exs. (Doc. Nos. 25-1 to 25-27). Plaintiff therefore was on notice to either present all material pertinent to Defendants' Motions or seek leave to conduct additional discovery before responding. *See* Fed. R. Civ. P. 56(c), (d).

Plaintiff submitted no response to either of Defendants' Motions and has offered no objection to the consideration of summary judgment under the current record. Accordingly, the undersigned has treated the GCJ Defendants' Dispositive Motion, as well Defendant Gay's, as ones for summary judgment, as specifically outlined below. *See* Fed. R. Civ. P. 12(d), 56(c)(1); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A motion for summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact."); *cf. Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (holding that plaintiff had adequate notice of conversion of motion

where motion was titled in the alternative with evidentiary materials attached and plaintiff's response demonstrated his awareness of the conversion).

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Parties may establish the existence or nonexistence of a material disputed fact through:

- citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or
- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

A defendant seeking summary judgment on the basis of an affirmative defense must show that the undisputed material facts establish *all* of the elements of the defense. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) ("The defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."). If the defendant meets this burden, the burden shifts to the plaintiff to cite evidentiary material that shows there is a genuine factual dispute as to one or more elements of the affirmative defense, absent which summary judgment should be granted in favor of the defendant. *Id*.

Although the Court generally views the evidence in the light most favorable to the nonmoving party, because Plaintiff here did not respond to Defendants' Motions and did not specifically controvert the statements of material facts set forth therein, these facts are "deemed admitted for the purpose of summary judgment." *See* LCvR 56.1(c); Def. Gay Mot. Summ. J. (Doc. No. 25, at 2-8) ¶¶ 1-10; GCJ Defs.' Dispositive Mot. (Doc. No. 27, at 9-18) ¶¶ 1-30;[1] *accord* Fed. R. Civ. P. 56(e)(2). The record reflects that Plaintiff had notice of Defendants' Motions, which were filed January 26 and 27, 2015. The certificates of mailing filed by Defendants' attorneys aver that, on the date each Motion was filed, a copy of each Motion was mailed to Plaintiff at the address on file with the Court via U.S. Mail. Def. Gay Mot. Summ. J. at 14; GCJ Defs.' Dispositive Mot. at 37.

---

[1] References to the material facts stated in Defendants' Motion for Summary Judgment are given as "Def. Gay Material Facts ¶ _" and "GCJ Defs.' Material Facts ¶ _." References to filings in this Court use the page numbers assigned by the Court's electronic filing system.

4

Further, Plaintiff was on notice of his opportunity to respond and the possible consequences of not responding. Both the federal and local civil rules discuss the filing of a response to a motion for summary judgment and the actions the Court may take if no response is filed. *See* Fed. R. Civ. P. 56(c), (e); LCvR 7.1(e), (g), 56.1(c); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (holding that while a pro se litigant's pleadings will be construed liberally, such a litigant nevertheless must comply with the same rules of procedure as are binding on other litigants).

Even without a response from Plaintiff, the Court still must determine whether judgment for the moving party is appropriate under Federal Rule of Civil Procedure 56. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Id.* at 1195. In other words, although certain facts are deemed admitted, Defendants' Motions are not confessed: the undersigned still must decide whether Defendants are entitled to judgment as a matter of law based upon the material facts asserted and properly supported in the Motions and applicable law. *See* Fed. R. Civ. P. 56(a), (c), (e)(3); LCvR 56.1(b); *Reed*, 312 F.3d at 1195-96. In undertaking this assessment, the

undersigned has treated Plaintiff's verified Complaint, and the relevant factual allegations made therein, as an affidavit for summary judgment purposes. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); Compl. (Doc. No. 1) at 8; Fed. R. Civ. P. 56(c)(4).

PLAINTIFF'S CLAIMS

Plaintiff's 42 U.S.C. § 1983 claims arise out of events occurring at GCJ, which is located in Enid, Oklahoma. Compl. at 1, 2, 3-4. During all times relevant to this lawsuit, Plaintiff was incarcerated at GCJ, which is under the charge of Defendant Niles. Compl. at 2; S.R. Ex. 1, Niles Aff. ¶¶ 2, 4, Mar. 10, 2014 (Doc. No. 15-1). Defendants Bradley and Stanley worked at GCJ during the period relevant to Plaintiff's Complaint. S.R. Ex. 2, Bradley Aff. ¶ 2, Mar. 10, 2014 (Doc. No. 15-2); S.R. Ex. 3, Stanley Aff. ¶ 2, Mar. 10, 2014 (Doc. No. 15-3). Defendant Gay is employed by a private healthcare company that has a contract to provide health services for GCJ inmates. She has been the site nurse at GCJ since May 2012. Def. Gay Material Facts ¶ 1; S.R. Ex. 7, Gay Aff. ¶ 3, Mar. 6, 2014 (Doc. No. 15-7).

Plaintiff was booked into GCJ on April 17, 2013, on charges of first-degree rape and threats by electronic means in Garfield County District Court. Niles Aff. ¶ 3; S.R. Ex. 15 (Doc. No. 15-15); *State v. Lewis*, No. CF-2013-191 (Garfield Cnty. Dist. Ct. filed Apr. 23, 2013); *State v. Lewis*, No. CM-2010-404 (Garfield Cnty. Dist. Ct. filed May 11, 2010).[2] Plaintiff was convicted of both charges and then transferred into the custody of

---

[2] Dockets for these cases are publicly available at:
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=cf-2013-191; http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=cm-10-404.

the Oklahoma Department of Corrections on January 29, 2014. Niles Aff. ¶ 3; *State v. Lewis*, No. CF-2013-191; *State v. Lewis*, No. CM-2010-404; Doc. No. 23.

Plaintiff alleges that he has a "mental d[i]sfunction" and "a repetitive behavior," and that he was placed on suicide watch more than ten times while at GCJ. Compl. at 2. Plaintiff alleges that Defendants abused him, including tasing him, handcuffing him into to a chair while he was naked, and putting him into a room below 50 degrees. Compl. at 2. Plaintiff further alleges that he sought mental health treatment but that his requests were ignored. Compl. at 5. Plaintiff seeks to have all jail fines dropped as well as $20,000 "for suffer[ing] and pain." Compl. at 7.

ANALYSIS

All Defendants seek summary judgment on the basis of their affirmative defense that Plaintiff's claims are barred because Plaintiff did not, prior to commencing this lawsuit, exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), codified in pertinent part at 42 U.S.C. § 1997e(a). *See* Def. Gay Mot. Summ. J. at 1 & n.1, 8-9; Def. Gay Material Facts ¶ 4; GCJ Defs.' Dispositive Mot. at 20; GCJ Defs.' Material Facts ¶¶ 5-10. *See generally Jones v. Bock*, 549 U.S. 199, 219-20 (2007) ("All [courts] agree that no unexhausted claim may be considered.").

1. The PLRA

The PLRA provides that no action under 42 U.S.C. § 1983 may be brought by a prisoner regarding conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90, 93-

7

103 (2006) (explaining that Section 1997e(a) requires "proper exhaustion"—i.e., "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (internal quotation marks omitted)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90-91.

2. The Garfield County Jail Grievance Process

The Garfield County Jail has adopted a Grievance Process for "resolving complaints" of inmates, one version of which was published in the GCJ Policies and Procedures, and another of which was published in the GCJ Inmate Handbook, during Plaintiff's incarceration at GCJ. GCJ Defs.' Material Facts ¶ 5; S.R. Ex. 8 (Doc. No. 15-8); S.R. Ex. 9 (Doc. No. 15-9) at 4; Niles Aff. ¶ 8. Although the two versions of the Grievance Process differ slightly, both iterations require a grievance to be made in writing on a "grievance form." S.R. Ex. 8 at 1; S.R. Ex. 9 at 4. Under both versions, a grievance submitted by an inmate is delivered to the jail administrator or assignee for review. S.R. Ex. 8 at 1; S.R. Ex. 9 at 4. A response to the grievance will be issued within ten days. S.R. Ex. 8 at 2; S.R. Ex. 9 at 4. An inmate may appeal any response to the Sheriff. S.R. Ex. 8 at 2; S.R. Ex. 9 at 4. The more detailed version of the Grievance Process published in the GCJ Policies and Procedures states that an inmate also may appeal "any . . . lack of response" to a grievance to the Sheriff. S.R. Ex. 8 at 2.

3. Plaintiff's Efforts to Exhaust Administrative Remedies

The undisputed facts and evidence in the record show that Plaintiff failed to

8

exhaust his administrative remedies with respect to the claims of his Complaint.

Plaintiff submitted three written grievances to GCJ officials; however, none of these grievances related to the allegations of the Complaint. On June 19, 2013, Plaintiff filed a grievance requesting to be made a jail trustee. GCJ Defs.' Material Facts ¶ 7; S.R. Ex. 10 (Doc. No. 15-10). Plaintiff received a response from the GCJ administrator, informing Plaintiff that due to his classification, he could not be a trustee. GCJ Defs.' Material Facts ¶ 7; S.R. Ex. 10. On August 27, 2013, Plaintiff filed a grievance requesting a move to Pod E; he was informed that he could not be moved there because of his charges. GCJ Material Facts ¶ 8; S.R. Ex. 11 (Doc. No. 15-11). On December 3, 2013, Plaintiff filed a grievance complaining that mail sent to him by a federal court had been opened. GCJ Material Facts ¶ 9; S.R. Ex. 12 (Doc. No. 15-12). Defendant Stanley responded that mail from district courts is not considered legal mail and can be opened. GCJ Material Facts ¶ 9; S.R. Ex. 12.

Plaintiff filed no grievances related to tasing, restraint in a chair, or any other improper physical treatment of him by Defendants. GCJ Defs.' Material Facts ¶¶ 6-9; S.R. at 5, 19. Plaintiff filed no grievances related to the alleged denial of mental health treatment. GCJ Defs.' Material Facts ¶¶ 6-9; Def. Gay Material Facts ¶ 4; S.R. at 15.

Defendant Niles, who is the Sheriff of Garfield County, never received any appeals of any grievances from Plaintiff. GCJ Material Facts ¶ 10; Niles Aff. ¶ 9. Further, there is no evidence in the record or contention by Plaintiff that he attempted to exhaust his administrative remedies upon his GCJ-related claims after he was transferred into the custody of the Oklahoma Department of Corrections. *Cf.* Okla. Dep't of Corr.,

Offender Grievance Process § V.B (eff. Nov. 20, 2014) (providing that an offender may file a grievance regarding an incident at another facility).[3]

### 4. Plaintiff's Failure to Properly Exhaust Administrative Remedies

The PLRA's mandatory administrative remedy exhaustion requirement, *see Jones*, 549 U.S. at 211, applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). An inmate who "does not complete" the grievance process "is barred from pursuing a § 1983 claim." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Ngo*, 548 U.S. at 90.

As support for the requested entry of summary judgment, Defendants have submitted a sworn verification from Defendant Niles, who states that he has made "reasonable inquiry" and that the Special Report, which includes the documentation of Plaintiff's administrative requests for relief, was true and correct to the best of his knowledge. S.R. 20. Defendant Niles also attests in a sworn affidavit that all inmate grievances are kept in the inmate's jail file, that he undertook "a diligent search" of Plaintiff's jail file, and that all grievances filed by Plaintiff—i.e., the three unrelated grievances described above—are attached to the Special Report. Niles Aff. ¶ 9; *see* S.R. Exs. 10, 11, 12.

Upon review of the arguments and evidentiary materials presented by the parties, the undersigned concludes that Plaintiff did not fully exhaust his administrative remedies

---

[3] The Oklahoma Department of Corrections' Offender Grievance Process is publicly available at: http://www.ok.gov/doc/documents/op090124.pdf.

with respect to any of the claims in his Complaint. There is no reasonable dispute that Plaintiff never properly presented a relevant grievance, "in accordance with the applicable procedural rules," through all available levels of administrative review. *See Ngo*, 548 U.S. at 88, 90. Plaintiff's submission of unrelated grievances is not sufficient. *See Jones*, 549 U.S. at 219-20; *Palozie v. Pugh*, 118 F. App'x 478, 480 (10th Cir. 2004) (affirming district court's dismissal for failure to exhaust where plaintiff's administrative grievance documents did "not necessarily match with specificity the claims raised" in the complaint and did "not address the specific claims made against the specific defendants in the current controversy").

None of the evidence in the record, even when construed in favor of Plaintiff, creates a genuine question of fact that would prevent the conclusion that Plaintiff failed to exhaust his administrative remedies prior to commencing his federal claims against Defendants. "[E]xhaustion is mandatory under the PLRA[,] and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Accordingly, the undersigned finds that Defendants' affirmative defense of nonexhaustion of administrative remedies is established as a matter of law, and, therefore, summary judgment should be entered in Defendants' favor.[4]

---

[4] In light of this recommendation, the undersigned need not address Defendants' alternative arguments in support of summary judgment.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Gay's Motion for Summary Judgment (Doc. No. 25) and the GCJ Defendants' Dispositive Motion (Doc. No. 27), construed as a motion for summary judgment, be GRANTED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court July 21, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of June, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE